# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JEFFREY WOODINGS, an individual

ENDORSED
FILED
ALAMEDA COUNTY

AUG 3 2020

CLERK OF THE SUPERIOR COURT
By AMRIT KHAN
Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda Superior Courthouse
24405 Amador Street
Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):*
HG20069533

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christopher M. Lovasz, Esq. (SBN 303120)          (562)424-3293
Consumer Legal Services, P.C.
2330 Long Beach Blvd., Long Beach, CA 90606

DATE: AUG 3 - 2020          Clerk, by  Chad Finke          AMRIT KHAN  Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

AUG 03 2020

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | | ENDORSED FILED ALAMEDA COUNTY |
|---|---|---|
| Christopher M. Lovasz, Esq. (SBN 303120) Consumer Legal Services. P.C. 2330 Long Beach Blvd. Long Beach, CA 90806 TELEPHONE NO (562)424-3293     FAX NO: (562)595-1849 ATTORNEY FOR (Name): Jeffrey Woodings | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, 94544
BRANCH NAME: Hayward Hall of Justice

AUG 3   2020

CLERK OF THE SUPERIOR COURT
By AMRIT KHAN   Deputy

CASE NAME:
JEFFREY WOODINGS v TESLA. INC WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS. INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER. |
|---|---|---|
| [X] Unlimited       [ ] Limited (Amount             (Amount demanded         demanded is exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3 402) | HG20069533 JUDGE DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [X] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is   [X] is not   complex under rule 3 400 of the California Rules of Court If the case is complex, mark the factors requiring exceptional judicial management:
   a [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[X] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify)*: FOUR
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case *(You may use form CM-015.)*

Date: 7/30/20
Christopher M. Lovasz. Esq. (SBN 303120)
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3 400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal Rules of Court, rules 2.30, 3.220, 3.400-1.403, 3.740,
Cal Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**CONSUMER LEGAL SERVICES, P.C.**
Christopher M. Lovasz, Esq. (SBN 303120)
Charles J. Lee, Esq. (SBN 266753)
2330 Long Beach Boulevard
Long Beach, California 90806
Telephone: (562) 424-3293
Facsimile: (562) 595-1849

Attorneys for Plaintiff,
JEFFREY WOODINGS

ENDORSED
FILED
ALAMEDA COUNTY

AUG 3   2020

CLERK OF THE SUPERIOR COURT
By ————— AMRIT KHAN
_Deputy_

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ALAMEDA

JEFFREY WOODINGS, an individual,

Plaintiff,

v.

TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC., a Delaware Corporation; and DOES 1 through 20, inclusive,

Defendant.

CASE NO.: HG20069533

Assigned for all purposes to:
Dept.:

**COMPLAINT FOR DAMAGES:**

1. **Breach of Implied Warranty of Merchantability under the Song-Beverly Warranty Act.**

2. **Breach of Express Warranty under the Song-Beverly Warranty Act.**

3. **Breach of Express Warranty under the Magnuson-Moss Warranty Act.**

4. **Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act.**

**JURY TRIAL DEMANDED**

1

**PLAINTIFF** JEFFREY WOODINGS hereby allege and complain as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.      Plaintiff is an individual, residing in the City of Porter Ranch, County of Los Angeles, in the State of California.

2.      Defendant TESLA, INC. WHICH WILL DO BUSINESS IN CALIFORNIA AS TESLA MOTORS, INC. (hereinafter referred to as "Manufacturer") is a corporation doing business in the County of Alameda, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Tesla motor vehicles and related equipment.

3.      The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendant, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sue the Defendant by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when they have ascertained them.  Further, Plaintiff is informed and believe, and thereon allege, the Defendant designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

4.      Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, Defendant, was the agent, servant, and/or employee of each of their Co-Defendants. Plaintiff is informed and believe, and thereon allege, that in doing the things hereinafter alleged Defendant, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

///

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.      Before November 11, 2018, Defendant, Manufacturer and Does 1 through 20

inclusive, manufactured and/or distributed into the stream of commerce a new **2018 Tesla**

**Model 3, VIN: 5YJ3E1EB6JF128390** (hereinafter referred to as the "Vehicle") for its

eventual sale/lease in the State of California.

6.      On or about November 11, 2018, Plaintiff purchased, for personal, family, and/or

household purposes, the subject Vehicle from the Seller for a total consideration over the

term of the installment contract of $72,769.89. Retail Installment Sale Contract is in the

possession of Defendant.

7.      The subject Vehicle was/is a "new motor vehicle" under the Song-Beverly Warranty

Act.

8.      Along with the purchase of the Vehicle, Plaintiff received written warranties and other

express and implied warranties including, but not limited to, warranties from Manufacturer

and Seller that the Vehicle and its components would be free from all defects in material and

workmanship; that the Vehicle would pass without objection in the trade under the contract

description; that the Vehicle would be fit for the ordinary purposes for which it was intended;

that the Vehicle would conform to the promises and affirmations of fact made; that the

Defendant, would perform any repairs, alignments, adjustments, and/or replacements of any

parts necessary to ensure that the Vehicle was free from any defects in material and

workmanship; that the Defendant, would maintain the utility of the Vehicle for four years or

50,000 miles basic warranty, eight years or 100,000 miles drive train warranty, and would

conform the Vehicle to the applicable express warranties. (A copy of the written warranty is

in the possession of the Defendant).

3

9.        Plaintiff has duly performed all the conditions on Plaintiff's part under the purchase

agreement and under the express and implied warranties given to Plaintiff, except insofar as

the acts and/or omissions of the Defendant, as alleged herein, prevented and/or excused such

performance.

10.       Plaintiff has delivered the Vehicle to the Manufacturer's authorized service and repair

facilities, agents and/or dealers, including Seller, on several separate occasions resulting in

the Vehicle being out of service by reason of repair of nonconformities. Repair

Orders/Invoices are in the possession of Defendant.

11.       By way of example, and not by way of limitation, the defects, malfunctions,

misadjustments, and/or nonconformities with Plaintiff' Vehicle include the following:

defective charger port, charger port replacement, dual motor badge replacement, summons

defects, electrical malfunctions, audio system defects, trunk defects, seal replacements and

bumper paint damage, among other concerns.

12.       Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized

service and repair facility, Plaintiff notified Defendant of the defects, malfunctions,

misadjustments, and/or nonconformities existent with the Vehicle and demanded that

Manufacturer or its representatives repair, adjust, and/or replace any necessary parts to

conform the Vehicle to the applicable warranties.

13.       Each time Plaintiff delivered the nonconforming Vehicle to a Manufacturer-authorized

service and repair facility, Defendant represented to Plaintiff that they could and would

conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to

said warranties, and that all the defects, malfunctions, misadjustments, and/or

nonconformities have been repaired; however, Manufacturer or its representatives failed to

4

conform the Vehicle to the applicable warranties because said defects, malfunctions,

misadjustments, and/or nonconformities continue to exist even after a reasonable number of

attempts to repair was given.

### FIRST CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability under Song-Beverly Warranty Act against

the Defendant)

14.　　Plaintiff realleges each and every paragraph (1-13) and incorporates them by this

reference as though fully set forth herein.

15.　　The distribution and sale of the Vehicle was accompanied by the Manufacturer and

Seller's implied warranty that the Vehicle was merchantable.

16.　　Furthermore, the Defendant impliedly warranted, inter alia, that the Vehicle would

pass without objection in the trade under the contract description; that the Vehicle was fit for

the ordinary purposes for which it was intended; that the Vehicle was adequately assembled;

and/or that the Vehicle conformed to the promises or affirmations of facts made to Plaintiff.

17.　　As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities

alleged herein, the Vehicle was not merchantable because it did not have the quality that a

buyer would reasonably expect, because it could not pass without objection in the trade

under the contract description; because it was not fit for the ordinary purposes for which it

was intended; because it was not adequately assembled; and/or because it did not or could

not be conformed to the promises or affirmations of fact made to Plaintiff.

18.　　Upon discovery of the Vehicles' nonconformities, Plaintiff took reasonable steps to

notify the Defendant within a reasonable time that the Vehicle did not have the quality that a

5

buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

19.    As a result of the acts and/or omissions of the Defendant, Plaintiff has sustained damage in the amount actually paid or payable under the contract, plus prejudgement interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

20.    As a further result of the actions of the Defendant, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

21.    As a further result of the actions of the Defendant, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

22.    As a direct result of the acts and/or omissions of the Defendant and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to his other remedies, is entitled to the recovery of his attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## SECOND CAUSE OF ACTION

(Breach of Express Warranty under Song-Beverly Warranty Act against the Defendant)

23.    Plaintiff realleges each and every paragraph (1-22) and incorporates them by this reference as though fully set forth herein.

6

24.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

25.     Plaintiff delivered the Vehicle to Manufacturer or its authorized repair facilities for repair.

26.     Defendant failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

27.     The acts and/or omissions of the Defendant, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that the Manufacturer provided to Plaintiff, thereby breaching Defendants' obligations under Song-Beverly.

28.     Defendant failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by the Defendants were insufficient to make the Subject Vehicle conform to the express warranties and/or proper operational characteristics of like Vehicles, all in violation of the Defendants' obligations under Song-Beverly.

29.     As a result of the acts and/or omissions of the Defendant, and pursuant to the provisions of the Song-Beverly, Plaintiff is entitled to replacement of the Vehicle or restitution of the amount actually paid or payable under the contract, at Plaintiff's election, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election, when that amount has been ascertained.

30.     Additionally, as a result of the acts and/or omissions of the Defendant, and pursuant to Song-Beverly, Plaintiff has sustained and is entitled to consequential and incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek

leave of the court to amend this complaint to set forth the exact amount of consequential and/or incidental damages, when those amounts have been ascertained.

31.     As a direct result of the acts and/or omissions of the Defendant, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to Song-Beverly, Plaintiff, in addition to other remedies, is entitled to the recovery of their attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

## THIRD CAUSE OF ACTION

(Breach of Written Warranty under Magnuson-Moss Warranty Act against the Defendant)

32.     Plaintiff realleges each and every paragraph (1-31) and incorporates them by this reference as though fully set forth herein.

33.     Plaintiff is a "Consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter referred to as the "Warranty Act") 15 USC 2301(3).

34.     The Seller is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

35.     The Manufacturer is a "Supplier" and "Warrantor" as defined by the Warranty Act, 15 USC 2301(4), (5).

36.     The Vehicle is a "Consumer Product" as defined in the Warranty Act, 15 USC 2301(1).

37.     The Vehicle was manufactured, sold, and leased /purchased after July 4, 1975.

38.     The express warranty given by the Manufacturer pertaining to the Vehicle is a "Written Warranty" as defined in the Warranty Act, 15 USC 2301(6).

39.      The Seller is an authorized dealership/agent of the manufacturer designated to perform repairs on Vehicles under Manufacturer's warranties.

40.      The above-described actions (failure to repair and/or properly repair the above-mentioned defects, etc.), including failure to honor the written warranty, constitute a breach of the written warranty by the Manufacturer and Seller actionable under the Warranty Act, 15 USC 2310(d)(1), (2).

41.      As a direct result of the Manufacturer and/or Seller's acts and/or omissions, Plaintiff has suffered damages as set forth herein. Therefore, Plaintiff is entitled to a judgment and the following relief against all Defendants: (1) A declaration that acceptance has been properly revoked by Plaintiff and for damages incurred in revoking acceptance; (2) A refund of the purchase price paid by Plaintiff for the Vehicle; (3) Cancellation of Plaintiff' retail installment contract and payment in full of the balance of same; (4) Consequential, incidental, and actual damages to be proved at trial; (5) Costs and expenses including actual attorneys' fees reasonably incurred; (6) Prejudgment interest at the legal rate; and (7) Such other relief the Court deems appropriate.

## FOURTH CAUSE OF ACTION

(Breach of Implied Warranty under Magnuson-Moss Warranty Act against the Defendant)

42.      Plaintiff realleges each and every paragraph (1-41) and incorporates them by this reference as though fully set forth herein.

43.      The above-described actions on the part of the Seller constitute a breach of the implied warranties of merchantability actionable under the Warranty Act, 15 USC 2301(7), 2308, 2310(d)(1), (2).

///

WHEREFORE, Plaintiff prays for judgment against the Defendant, and each of them, as follows:

A.      For replacement or restitution, at Plaintiff's election, according to proof;

B.      For incidental damages, according to proof;

C.      For consequential damages, according to proof;

D.      For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.      For actual attorney's fees, reasonably incurred;

F.      For costs of suit and expenses, according to proof;

G.      For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.      For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.      For pre-judgment interest at the legal rate;

J.      Such other relief the Court deems appropriate.

Date: 7/30/20

Respectfully submitted,
CONSUMER LEGAL SERVICES, P.C.

By: _____

Christopher M. Lovasz, Esq.
Charles J. Lee, Esq.
Attorneys for Plaintiff,
JEFFREY WOODINGS

10